IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 115-086 |
| | * | |
| CUSHENA N.L. JORDAN | * | |

O R D E R

On January 5, 2016, Defendant Cushena N.L. Jordan pled guilty to conspiracy to commit theft of public money and aggravated identity theft in violation of 18 U.S.C. § 371. The Court imposed a sentence of 21 months on June 1, 2016. Defendant did not appeal. Indeed, Defendant waived her right to appeal and to file any petition for collateral relief from her conviction and sentence except under very limited circumstances. (Doc. 22, at 7.) Nevertheless, Defendant seems poised to file a collateral motion under 28 U.S.C. § 2255 in that she now second-guesses her entry of a guilty plea. (See Doc. 68.) She claims she needs certain documents to "look further into it." (Id. at 4.) More particularly, Defendant seeks "a copy of the indictment, plea agreement, sentencing transcript, judge's signed order, and any other information I am entitled to." (Id. at 1.)

First, Defendant has not been determined to be indigent in this case. Her trial counsel was retained, and she has not

been granted authority to proceed in forma pauperis. Accordingly, she is not entitled to copies of anything without payment. Defendant seems to acknowledge this fact in a concluding note that states: "If money needs to be paid to receive the information, please contact my mother . . . and she will come pay!" (Id. at 4.) To the extent that she is willing to pay for the documents she seeks, Defendant, her mother or some other representative may make appropriate arrangements (including order and payment) directly with the Clerk of Court.

Second, even if indigent, it is well established that an indigent defendant does not have an absolute constitutional right to a free copy of her transcript or other court records for use in a collateral proceeding. Jefferies v. Wainwright, 794 F.2d 1516, 1518 (11th Cir. 1986) ("Denial of a free transcript to an indigent defendant is unconstitutional only where the transcript is valuable to the defense and no functional alternatives exist."); see also United States v. MacCollom, 426 U.S. 317 (1976). Rather, 28 U.S.C. § 753 provides that a defendant in a § 2255 proceeding may not receive a free transcript absent a showing that the transcripts or documents are necessary to the resolution of a nonfrivolous claim. A defendant does not have the right to a free transcript simply to search for possible error. Colbert

v. Beto, 439 F.2d 1130 (5th Cir. 1971).[1]

Here, Defendant does not have a pending collateral proceeding and thus, she cannot meet this standard. Moreover, Defendant provides no particularized reason for obtaining the transcript or any other document.[2] Accordingly, her motion to receive a copy of these materials (doc. 68) is hereby **DENIED**. Out of courtesy, however, the Clerk is directed to provide a copy of the docket sheet and a copy of Defendant's plea agreement, which contains her waiver of collateral attack.

**ORDER ENTERED** at Augusta, Georgia, this ___18th___ day of October, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Eleventh Circuit has adopted as binding precedent all decisions issued by the former Fifth Circuit prior to October 1, 1981. See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] Defendant states that she wishes to ensure that the Government filed a motion for sentence reduction based upon substantial assistance. The docket shows that an oral motion for downward departure was made and granted at the sentencing proceeding. Whether Defendant is entitled to any further reduction through a Rule 35(b) motion is within the province of the Government. See Fed. R. Crim. P. 35(b)(1) ("*Upon the government's motion* made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." (emphasis added)).